FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV. 01, 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

NEIL LOMBARDO,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11-cr-345, 16-cv-3320 (AMD)

**ANN M. DONNELLY, District Judge.**

On April 11, 2013, the petitioner pled guilty pursuant to a plea agreement to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. (ECF No. 379-1.) As part of the agreement, the petitioner "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below." (*Id.* ¶ 4.) The petitioner stipulated to the United States Sentencing Guidelines calculation in the plea agreement, which provided that petitioner was a "career offender" under § 4B1.2. (*Id.* ¶ 2.) During the sentencing hearing, Judge John Gleeson confirmed the petitioner's understanding of the plea agreement's provisions, including the appeal waiver. (*See* ECF No. 286 at 11-12.) Judge Gleeson determined the career offender guideline applied to petitioner and sentenced the petitioner to 168 months in prison. (*See id.* at 4, 8.)

In late 2014, Judge Gleeson was advised that the petitioner was among a group of defendants who might be eligible for sentence reduction pursuant to 18 U.S.C. § 3582(c). He

1

ordered the Government to show cause and appointed the Federal Defenders of New York to represent the petitioner. (ECF No. 295.) After both sides made submissions, Judge Gleeson denied the petitioner's motion to reduce his sentence. The Second Circuit affirmed Judge Gleeson's decision. (ECF No. 329.)

On June 21, 2016, the petitioner, represented by counsel, filed a motion for relief pursuant to 28 U.S.C. § 2255, arguing that his designation as a career offender was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that his attempted murder conviction no longer constituted a "crime of violence" sufficient to warrant his classification as a career offender. (ECF No. 341.)[1] On November 30, 2016, I denied the motion because of the petitioner's "knowing and voluntary waiver" of his right to appeal, in accordance with *Sanford v. United States*, No. 16-1840, 2016 WL 6608944 at *4.[2] (ECF No. 355 at 2.)

On January 20, 2017, the petitioner moved, through counsel, for a certificate of appealability, arguing that the Second Circuit's *Sanford* decision was not yet final, and that reasonable jurists might disagree as to whether he waived his right to challenge his sentence under *Johnson*. (ECF No. 364.) On May 2, 2017, I denied the motion in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding sentencing guidelines are not subject to vagueness challenges under the due process clause) and the Second Circuit's denial of the petition for rehearing in *Sanford v. United States*, Case No. 16-cv-1840, ECF 81 (2d. Cir. April 11, 2017). (ECF No. 371.) The petitioner appealed (ECF No. 372), and the Second Circuit has not yet ruled on the appeal.

---

[1] All referenced page numbers correspond to those generated by the Court's Electronic Court Filing system and not the document's internal pagination.

[2] This case was reassigned to me on June 22, 2016.

On June 9, 2018, the petitioner moved, *pro se*, pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the order denying his petition. (ECF No. 375.) The petitioner asserts that the Court limited the scope of counsel's representation to certain arguments under *Johnson*, and that his lawyer did not consult him before the filing of the post-conviction motion; the petitioner says that he would have instructed counsel to move "on the grounds that he objected to the application of career offender, based on a prior that did not qualified [sic] and that the Judge Gleeson never gave him an opportunity to be heard." (*Id.* at 8.) For the reasons set forth below, the petitioner's motion is denied.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) permits district courts to relieve parties from judgments and orders for any reason "justifying relief from the operation of the judgment." Rule 60(b)(6) relief is granted only in "extraordinary circumstances." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977)). The petitioner seems to challenge the performance of the lawyer assigned to represent him on his motion for resentencing. (ECF No. 375.) However, habeas petitioners have no constitutional right to counsel, and the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), do not apply in Rule 60(b)(6) challenges. *See Harris*, 367 F.3d at 81. Instead, a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute his habeas petition, abandoned it, and then deprived the petitioner of any opportunity to be heard. *Id.* Rule 60(b) imposes a heavy burden on the movant, and although "a pro se litigant 'should not be impaired by harsh application of technical rules,' he is not excused from producing 'highly convincing evidence in support of his motion to vacate a final judgment.'" *Williams v. Bradt*, No. 10-CV-3910, 2018 WL 1582213 at *2 (E.D.N.Y. Mar. 30, 2018) (internal citations omitted).

3

The petitioner was represented by competent counsel, who gave him an opportunity to be heard on his claim that his sentence should be reduced.[3] Counsel filed the petition, made plausible arguments, and moved for a certificate of appealability when the petition was denied. The petitioner says that he wanted to challenge "the application of his prior conviction in New Jersey, to the career offender provision of the United States Sentencing Guidelines," and that is what his lawyer argued: that the petitioner's conviction for attempted murder was not a crime of violence under *Johnson*.[4] (ECF No. 341 at 4; ECF No. 375 at 8.)

In any event, the petitioner would not be entitled to any relief even if counsel had failed to raise particular arguments, since "the failure of an attorney to raise specific issues in a habeas petition does not warrant relief under Rule 60(b)(6)." *See Abad v. United States*, No. 01-CR-831, 2018 WL 2021698, at *2 (S.D.N.Y. Apr. 12, 2018); *see also Azaz v. Artus*, No. 09-CV-3857, 2014 WL 59929, at *2 (E.D.N.Y. Jan. 7, 2014) (denying motion because argument that attorney's "habeas brief and objections were inadequate" did not demonstrate "total abandonment of petitioner's case" sufficient to warrant relief under rule 60(b)(6)).

## CONCLUSION

In conclusion, the petitioner has not shown any "extraordinary circumstances" justifying relief under Rule 60(b)(6). Accordingly, the petitioner's motion is DENIED.

---

[3] The petitioner asked that the Court appoint the Federal Defenders who represented him for the purposes of his motion to reduce his sentence to continue to represent him in connection with his petition. (ECF No. 350.)

[4] The Court did not limit the arguments that counsel could make in connection with the habeas petition.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       November 1, 2018